**Facts:** The respondent placed two advertisements in the LaPorte–Michigan City Yellow Pages describing herself as a "Bankruptcy & Debt Specialist". At no time was the respondent recognized as a specialist as defined by the *Rules of Professional Conduct.*

**Violations:** Respondent violated Prof. Cond.R. 7.1(b), which prohibits an attorney from using or participating in any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

**Discipline:** Public reprimand. We accept this lenient sanction due to the agreement reached by the Disciplinary Commission and the respondent, as well as the respondent's record of service to her community and to the legal profession.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to serve notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer appointed in this matter.

All Justices concur.

---

**In the Matter of Dale E. ALLEN.**

**No. 64S00–0204–DI–231.**

Supreme Court of Indiana.

June 28, 2002.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below.

**Facts:** The brother of the respondent's paralegal witnessed a fatal accident and contacted the respondent's office. The respondent videotaped the scene the next day and prepared a letter soliciting the deceased's survivors. The witness hand delivered the letter to the deceased's father at the funeral. The letter did not bear the words "Advertising Material" and had not been filed with the Commission. In it, the respondent represented that he specialized in certain traumatic personal injury matters and in wrongful death litigation, although the respondent had not been certified as a specialist under Ind. Admission and Discipline Rule 30.

**Violations:** The respondent violated Ind. Professional Conduct Rule 7.3(a), which prohibits a lawyer from seeking or recommending by in-person contact (either in the physical presence of, or by telephone) the employment, as a private practitioner, of himself, his partner, associate, or his firm, to a nonlawyer who has not sought the advice regarding the employment of a lawyer, or assist another in so doing. He also violated Prof.Cond.R. 7.3(c), which

prohibits lawyers from soliciting professional employment from a prospective client with whom the lawyer has no family or prior professional relationship without labeling the solicitation as "Advertising Material" and filing a copy with the Commission; and Prof.Cond.R. 7.4(a), which prohibits a lawyer from expressing or implying any particular expertise except where the lawyer is certified as a specialist under Admis.Disc.R. 30.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission; to the hearing officer; and to all other entities as provided in Ind. Admission and Discipline Rule 23(3)(d).

All Justices concur.